

**FILED**

**JUNE 10, 2009**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RONNIE RICO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-244 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner RONNIE RICO has filed with this court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his conviction out of the 222nd Judicial District Court of Deaf Smith County, Texas, for the offense of tampering with evidence and the resulting ten-year sentence. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

While there is no formal recitation of facts, two search warrant affidavits contained in the record prepared for the state habeas corpus proceedings paint a general background of the case. From these affidavits it appears that in August 2005, a confidential informant told a police officer

petitioner had methamphetamine at his residence.  (State Habeas Corpus Record [hereinafter SHCR], WR-68,372-02, pgs. 36-37).  Acting on this information, the officer requested a search warrant for petitioner's residence. (*Id.*, pg. 38).  A search warrant was issued, and when police executed the warrant, they discovered petitioner trying to flush a bag of marijuana and a glass pipe down the toilet.  (*Id.*, pg. 40).  During the search, police also discovered a loaded semi-automatic gun containing four live rounds under the bed in one of the bedrooms.  (*Id.*, pg. 33).  Petitioner was indicted for unlawful possession of a firearm by a felon and for tampering with evidence.[1]

On December 13, 2006, petitioner pled guilty to both of these charges.  Petitioner did not directly appeal the judgment, but, on July 2, 2007, filed a state application for habeas corpus relief. Upon filing his habeas corpus application, the trial court issued Findings of Fact and Conclusions of Law.  Relying on those findings, the Texas Court of Criminal Appeals denied petitioner's application without a written order on October 10, 2007.  Petitioner subsequently filed this federal habeas corpus application on November 9, 2007.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the United States for the following reasons:

1.    Petitioner's conviction violates the prohibition against double jeopardy.

2.    There was insufficient probable cause to issue the search warrant, and evidence used against the petitioner was outside the scope of the search warrant.

3.    Petitioner's conviction violates the prohibition against double jeopardy.
      (same as ground of error number one).

---

[1] Petitioner challenges the felon in possession of a firearm conviction in a separate federal habeas corpus petition, cause number 2:07-CV-243.

4.      Petitioner received ineffective assistance of counsel because his attorney failed to:
      a.      object to the enhancement paragraphs in the indictment;
      b.      challenge the search warrant;
      c.      investigate the reliability of the confidential informant;
      d.      move for a change of venue when the judge presiding over the guilty plea was the same judge who approved the search warrant.

5.      The judge presiding over the guilty plea was the same judge who approved the search warrant, and therefore had a conflict of interest and should have recused himself.

Petitioner is within the one-year time period mandated by the Anti-Terrorism and Effective Death Penalty Act of 1996. Further, all claims he raises in this federal petition were raised in his state petition. It is therefore necessary to address the merits of petitioner's grounds of error.

## III.
## THE MERITS OF PETITIONER'S CASE

### A. State Court's Findings of Fact and Conclusions of Law

Petitioner may not obtain habeas corpus relief in this Court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). All factual determinations made by a state court are presumed to be correct and such presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e).

Here, the Texas Court of Criminals Appeals denied petitioner's application for state habeas relief without a written order on the findings of the trial court, without a hearing. A denial without written order is an adjudication on the merits. *Barrientes v. Johnson*, 221 F.3d 741, 780 (5th Cir.

2000). Petitioner's burden is significantly heightened in that petitioner cannot prevail even he shows

the state court's determination was incorrect. Petitioner must also show the state court unreasonably

applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 239 F.3d

683 (5th Cir.), *on rehearing* 286 F.3d 230 (5th Cir. 2002), *cert. denied Neal v. Epps*, 123 S.Ct. 963,

154 L.Ed.2d 772 (2003).

After petitioner filed the state habeas corpus application, the trial court made Findings of

Fact and Conclusions of Law addressing each of his contentions, and determined petitioner had

waived all pretrial matters, had received effective assistance of counsel, and had not been

adjudicated guilty by a biased judge.  (SHCR, pg. 75).  Regarding petitioner's double jeopardy

claim, the trial court stated, "Applicant has failed to prove the affirmative defense of prior jeopardy."

(*Id.*).  Regarding the validity of the search warrant, the trial court stated,

- Applicant waived all pretrial matters freely, voluntarily, and intelligently.

- Applicant freely, voluntarily, and intelligently waived any and all claims regarding illegal search and seizure.  Applicant failed to preserve error regarding his claim of illegal search and seizure.

(*Id.*).  Regarding petitioner's ineffective assistance of counsel claim, the trial court judge, relying

on the trial attorney's affidavit and his own observations stated,

- Prior to the hearing, [the attorney] reviewed the indictment, the State's file, and met with applicant.  At several meetings with applicant, [the attorney] discussed the facts of the case, the applicable law, and applicant's criminal record.

- [The attorney's] affidavit reflects that he conducted a diligent and thorough investigation of the allegations in the indictment, that he was familiar with the law governing the case against applicant, and that he exercised reasonable and professional judgment in representing applicant.

- [The attorney] exercised reasonable trial strategy, and he exercised his professional judgment in an effective manner.

- Applicant's sentence of ten (10) years was based on a plea agreement he entered freely, voluntarily, and intelligently with the State.  Applicant's ten (10) year sentence is within the range of punishment authorized by law.

- Applicant plead (sic) guilty freely, voluntarily, and intelligently.

- Applicant received effective assistance of counsel.

(*Id.*, pg. 74-75).  Regarding petitioner's claim of the trial court's bias, the trial court stated,

- Applicant does not claim the trial judge had an interest in the outcome, a relationship with a party, or prior service as counsel.

- The trial judge did not have an interest in the outcome, a relationship with a party, or prior service as counsel.

- There was no conflict of interest based on the trial court's performance of a statutory duty.

(*Id.*).

Petitioner has failed to demonstrate how the trial court judge's analysis—based on petitioner's own statements that his plea was knowingly and voluntarily made, along with his attorney's affidavit, and petitioner's failure to provide any evidence whatsoever in support of his allegations—was unreasonable.  *See* 28 U.S.C. § 2254(d).  The Court presumes all of these determinations were correct, and petitioner has presented absolutely no evidence to counter this presumption.  *See* 28 U.S.C. § 2254(e).  Petitioner has failed to overcome the statutory burden established in Title 28, U.S.C., section 2254(d) and may not obtain habeas corpus relief in this Court.

## B.  The Guilty Plea

Even if petitioner had shown the state court's determinations were unreasonable, he would have to further show how he is entitled to relief despite the fact that he pled guilty to the conviction

he now challenges.  "By pleading guilty to an offense . . .  a criminal defendant waives all non-jurisdictional defects preceding the plea."  *United States v. Owens*, 996 F.2d 59, 60 (5th Cir. 1993).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [professional] standards.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973).

### 1.  The Voluntariness of Petitioner's Plea

It is possible for a habeas petitioner to challenge whether he voluntarily entered into the plea agreement and/or voluntarily pled guilty.  *See id.*  Petitioner mentions, in passing, that his attorney coerced him and overcame his will by forcing petitioner to accept the plea agreement.  (Original Habeas Corpus Petition, pg. 16, 19).  Assuming petitioner meant to directly challenge the voluntariness of the plea, he has not demonstrated how his attorney coerced him into accepting the plea bargain.

The standard enunciated in *Strickland* applies to ineffective assistance of counsel claims arising out of the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).  Under the *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial.  *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2065, 2068, 80 L. Ed. 2d 674 (1984).  An attorney's performance was deficient if he or she made errors so serious that the representation fell below an objective standard of reasonableness.  *Id.* at 687-88, 104 S. Ct. at 2065.  An attorney's performance was prejudicial (in a plea bargain case) if "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have

pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370.

In the instant case, petitioner alleges he would not have accepted the guilty plea had it not been for his attorney's coercion. (Original Habeas Corpus Petition, pg. 16). Petitioner fails, however, to offer any facts and/or evidence in the record supporting this claim. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (establishing that a petitioner must base his claims on evidence in the record and cannot present a valid habeas corpus claim when he offers nothing more than his own statements to support his assertion). Not only does the record fail to support petitioner's claim, it rebuts it. The record is replete with admissions by petitioner that he knowingly and voluntarily entered into the plea agreement.

In his "Waiver of Rights and Plea of Guilty," petitioner swore that he "waives my rights . . . and *without coercion or duress*, enter this plea of guilty as charged." (Respondent Quarterman's Answer with Brief in Support, Document 11, Exhibit A). When the prosecutor asked petitioner if he had signed his name to the waiver of rights and the stipulation of evidence "freely and voluntarily," petitioner responded that he had. (SHCR, pg. 68, 69). When the trial court asked petitioner at the hearing on the plea agreement, "Are you pleading guilty voluntarily and of your own free will?" petitioner responded, "Yes, sir." (*Id.*, pg. 65). When the court asked petitioner, "has anyone promised you anything to get you to plead guilty or threatened you or forced you in any way?" petitioner responded, "No, sir." (*Id.*). When the court asked petitioner, "Are you pleading guilty because you are guilty and for no other reason?" petitioner responded, "Yes, sir." (*Id.*). When the trial court asked, "are you satisfied with the representation your attorney has given you?" petitioner responded, "Yes, sir." (*Id.*, pg. 67). After thoroughly questioning petitioner, the trial court found petitioner's "plea of guilty [was] freely and voluntarily made." (*Id.*).

Petitioner additionally demonstrated an understanding of the nature and substance of the charges against him. *See James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995). In his affidavit, petitioner's attorney reveals that he met with petitioner on several occasions:

> We discussed the facts of the case . . .We reviewed the indictment that had been filed. We discussed the range of punishment and the plea offer . . . We discussed his past criminal history.
>
> . . .
>
> After discussing these matter[s] with Mr. Rico, he made the decision to plead guilty . . . Rather than proceed on pretrial matters and try the case to a jury, Mr. Rico elected to plead guilty. Mr. Rico at all times showed a familiarity with the criminal justice system based on his prior criminal record.

(SHCR, pg. 55-56). Furthermore, at the hearing, the trial court informed petitioner of the charges against him and that they were "punishable by from two to [twenty] years in the penitentiary and up to a $10,000 fine in each case." (*Id.*, pg. 63). When the trial court asked if petitioner understood, petitioner responded, "Yes, sir." (*Id.*).

Because petitioner offers nothing more than his own statements in support of any potential argument that his guilty plea was not knowing and voluntary, and because the record strongly supports the opposite of petitioner's position, i.e., that petitioner's plea was in fact knowing and voluntary, petitioner's contention that he entered into the guilty plea under coercion from his attorney and not under his own free will must fail. *See Ross*, 694 F.2d at 1011. There is absolutely no evidence, apart from petitioner's conclusory statements in the petition, that petitioner would have insisted on going to trial had it not been for his attorney's performance. *See Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Because petitioner has failed to demonstrate his guilty plea was involuntary, the guilty plea must stand, and any non-jurisdictional, constitutional challenges that arose before the guilty plea was entered are waived. *See Owens*, 996 F.2d at 60.

## 2.  Petitioner's Waived Grounds of Error

As discussed above, except for his double jeopardy claim, all of petitioner's grounds of error relate to non-jurisdictional defects that would have arisen before he pled guilty.  Consequently, petitioner waived the argument that there was insufficient probable cause to support the search warrant, because he was aware of that issue before he pled guilty.  He waived all of his ineffective assistance of counsel arguments and his trial court conflict of interest argument because they, too, would have occurred before petitioner pled guilty.  Apart from his double jeopardy claim, petitioner's guilty plea essentially voided almost all of his alleged infirmities.  *See Nevill v. Butler*, 867 F.2d 886, 888 (5th Cir. 1989) (stating "the entry of a guilty plea does not waive a challenge based on the violation of the double jeopardy clause.").  Even if the state court's determinations were unreasonable, this case would nevertheless warrant denial because petitioner waived almost all of his grounds of error by pleading guilty to the underlying offense.  Assuming, *arguendo*, petitioner did not waive all of arguments by virtue of his guilty plea, his grounds of error are meritless.

## C.  The Merits

## 1.  Double Jeopardy

In his first and third grounds of error, petitioner avers his conviction (based on petitioner attempting to flush a bag of marijuana down the toilet) violated the Double Jeopardy Clause.  Petitioner contends his prosecution for misdemeanor possession of marijuana barred his tampering prosecution and conviction.  The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense.  *Monge v. California*, 524 U.S. 721, 727, 118 S. Ct. 2246, 2250, 141 L. Ed. 2d 615 (1998).  It is against the law in Texas to possess marijuana.  TEX. HEALTH &

SAFETY CODE ANN. § 481.121 (Vernon 2003).  It is also against the law in Texas to alter, destroy, or conceal evidence of a crime when the person knows that an offense has been committed.  TEX. PENAL CODE ANN. § 37.09 (Vernon 2003).

The Double Jeopardy Clause is not violated if a defendant is punished for two separate offenses.  "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 2d 306 (1932).  The elements of possession of marijuana are (1) knowing or intentional, (2) actual possession, of a (3) usable quantity of marijuana.  TEX. HEALTH & SAFETY CODE ANN. § 481.121.  The elements of tampering with evidence are (1) knowing an investigation or official proceeding is pending or in progress, (2) altering, destroying, or concealing something, (3) with the intent to make it unavailable as evidence in the investigation or official proceeding.  TEX. PENAL CODE ANN. § 37.09.  Each statute contains provisions which require proof of a fact that the other does not.  A person can tamper with evidence that he does not illegally possess and a person can illegally possess something without violating the tampering with evidence law.  Put another way, possession of marijuana is not an element of tampering with evidence, and tampering with evidence is not an element of possession of marijuana.

Thus, a person can simply possess marijuana without violating the tampering with evidence provision.  Intervening events, i.e., the initiation of an investigation, the intent to make the item unavailable for that investigation, and the action to destroy the item, must occur before the tampering with evidence statute is violated.  In the case of a person in possession of marijuana who tries to destroy that marijuana when police begin investigating him, the possession violation is

complete before the tampering with evidence violation occurs.  Prosecution for both of these independent and separate offenses, therefore, does not violate the Double Jeopardy Clause.  *See Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182.

Petitioner avers that because he was punished for possession of marijuana, he should not have been punished for tampering with physical evidence because the two convictions resulted from one incident.  Petitioner's reasoning is incorrect.  There was not one incident or offense—there were two.  First, petitioner possessed the marijuana.  Second, while police were executing a search warrant, he tried to flush the marijuana he had possessed down the toilet.  Importantly, the possession offense was completed before the police executed the search warrant.  In fact, the tampering with evidence offense did not even become possible until the police executed the search warrant.

Put another way, had the police never executed the search warrant, petitioner could not have been guilty of tampering with evidence.  The independent action of the police in initiating an investigation was necessary before petitioner could even attempt to violate the tampering with evidence law.  Further, had petitioner never tried to flush his marijuana, he would never have been guilty of tampering with evidence.  The separate action of petitioner purposefully trying to conceal evidence was also necessary before petitioner could violate the tampering with evidence law.  Clearly, police executing a search warrant and petitioner attempting to flush or destroy evidence are elements far afield from a simply possession charge.  In fact, under the statute, it is totally irrelevant that petitioner was trying to flush an illegal drug that he was later found guilty of possessing.  All the tampering with evidence statute requires is tampering with anything of evidentiary value, irrelevant of its legality.  The fact that the particular evidence petitioner tampered with was an illegal

controlled substance is not determinative.   Each provision—possession and tampering with evidence—requires proof of a fact that the other does not, and finding petitioner guilty of both did not violate the Due Process Clause.  *See Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182.

## 2.  Validity of the Warrant

Next, petitioner contends there was insufficient probable cause to support the search warrant because the only thing supporting the warrant was the un-corroborated statement of a confidential informant.  Supreme Court precedent establishes this Court, in a habeas proceeding, has no authority to review the state court's application of Fourth Amendment principles, such as the validity of a search warrant based on a confidential informant, so long as a petitioner has been afforded an *opportunity* by the state for full and fair litigation of the issue regardless of whether petitioner availed himself of the opportunity.  *Stone v. Powell*, 428 U.S. 465, 481-482, 96 S.Ct. 3037, 3046 (1976); *see also, Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002).  "If a state provides the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."  *Janecka*, 301 F.3d at 320.  In this case, petitioner was given the full opportunity to contest the search warrant and the veracity of the confidential informant.  Even though he did not avail himself of that opportunity, this Court cannot now review the merits of these claims.

## 3.  Ineffective Assistance of Counsel

Petitioner next contends he received ineffective assistance of counsel because his attorney failed to object to the enhancement paragraphs in the indictment.  Section 12.42 of the Texas Penal Code establishes that the penalties for repeat and habitual felony offenders will be enhanced.  The enhancement paragraphs in petitioner's indictment were that petitioner was previously convicted

of the felony offenses of burglary of a habitation in Deaf Smith County, cause number CR-94J-134, and of theft in Deaf Smith County, cause number CR-91I-091. (SHCR, pg. 93). Petitioner does not contend that he never committed these prior felonies. In fact, his attorney's affidavit reveals petitioner was previously convicted of eight crimes, including, *inter alia*, burglary of a habitation and theft. (SHCR, pg. 56). The Commitment Inquiry attached to respondent's answer likewise indicates petitioner has been previously convicted of both crimes. (Respondent Quarterman's Answer with Brief in Support, Document 10, Exhibit A). Therefore, because the enhancement paragraphs were correct, there was no successful objection petitioner's attorney could have possibly lodged. Petitioner cannot demonstrate any prejudice resulted from his attorney's failure to object. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner additionally avers his attorney was ineffective because he did not challenge the search warrant or investigate the veracity of the confidential informant who provided the information justifying the warrant. It is well-established that a search warrant may be based upon the statements of a confidential informant. *See Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527; *see United States v. Mays*, 466 F.3d 335, 343-44 (5th Cir. 2006) (setting forth the four-part test used to determine whether an affidavit for a warrant contains sufficient indicia of the confidential informant's credibility). Moreover, the "informer's privilege" to keep his or her identity secret when providing police officers information about violations of the law has long been recognized in this country. *See Roviaro v. United States*, 353 U.S. 53, 59, 77 S. Ct. 623, 627, 1 L. Ed. 2d 639 (1957); *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007).

Assuming this Court could evaluate the search warrant, *see Stone*, 428 U.S. at 481-482, 96 S.Ct. at 3046, it was based on the tip of an eyewitness who had recently seen methamphetamine in

petitioner's residence and who had been a reliable informant numerous times in the past and was therefore probably valid. (SHCR, pg. 36-37). Overlooking the likelihood petitioner's attorney did not file a motion to suppress because petitioner wished to plead guilty, it is unlikely the trial court would have granted such a motion in any event. (SHCR, pg. 56). It is additionally unlikely that the police would have been forced to reveal the confidential informant's identity for the attorney to interrogate even if it would have yielded anything helpful to the case. *See Roviaro*, 353 U.S. at 59, 77 S. Ct. at 627. Petitioner cannot, then, demonstrate he suffered any prejudice from his attorney's failure to file what would have likely been a meritless motion and investigate the veracity of an unknown informant. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Petitioner also contends his trial counsel was ineffective for failing to move for a change of venue so that a different judge than the one who had signed the search warrant would preside over the guilty plea proceedings. Under the Texas Code of Criminal Procedure, "the proper county for the prosecution of offenses is that in which the offense was committed." TEX. CODE CRIM. PROC. ANN. art. 13.18 (Vernon 2005). The indictment states the petitioner committed unlawful felon in possession of a firearm in Deaf Smith County, Texas; he was additionally arrested in Deaf Smith County. (SHCR, 93). Proper venue therefore was in Deaf Smith County. Moreover, there is no requirement that the judge granting the search warrant and the judge approving the plea agreement between the defendant and prosecution cannot be the same. If petitioner's attorney had moved for a change of venue, it would have been denied. Petitioner thus can show no prejudice resulting from his attorney's failure to move for a change of venue. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

### 4.  Trial Judge Recusal

Petitioner contends the trial judge should have recused himself because he presided over both the warrant approval and the hearing on the guilty plea.  These grounds alone are insufficient under Texas law to disqualify a judge from presiding over the guilty plea hearing.  *See* TEX. R. CIV. P. 18b. Moreover, there is nothing in the record to support petitioner's assertion that the judge had a conflict of interest.  Petitioner's unsupported statements of bias are insufficient to raise a debatable ground of error in a habeas corpus proceeding.  *See Ross*, 694 F.2d at 1011.  This ground is meritless.

### IV.
### RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner a RONNIE RICO be DENIED.

### V.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of June 2009.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).